Judge Bucicner,
delivered the opinion of the court.
Dana and Hodges having recovered a judgment at law against Banks, for ninety odd dollars, caused an execution offieri facias to be issued on it, dated 5th of November, 1829, which, on the next day, was placed in the hands of a deputy of the sheriff of Franklin county, where Banks then resided. On the 7th of November, 1829, the officer returned the execution^ with the following endorsement: “I have this d'^||Iemanded satisfaction of Henry Banks, the defendant in this execution; and he failed to render the same, and no property found, of which this execution, or any part thereof can be made,” which nears date on the day it was made.
In August, 1830, the plaintiffs in error filed their hill in chancery against said Banks, and J. W, Denny, sitting forth the above cited facts; and alleging: that Denny stands indebted to Bauks, by a note in writing, by which he promised'to pay said Banks fifty dollars every month, for the term of ten months, commencing in the month of May or June, 1830. They pray that so much thereof as may be necessary, may- be made subject to their judgment against Banks, &c.
The defendants appeared and filed a demurrer to the bill, which the circuit court sustained, and dismissed the bill with costs. To reverse the decree, Dana and Hodges prosecute this writ of error.
The bill was filed in pursuance of the provisions of the 37th section of the execution law, approved, February, 12th, 1828. Session acts of 1827, page 164. That section declares, that “whenever an execution *220 of fieri facias, founded upon any judgment or decree, or upon any bond, having the force of a judgment, shall issue to th,e proper officer, and be returned as to the whole or any part thereof, in substance, that the defendant hath no effects in his bailiwick, to satisfy the same; courtsof chancery shall have jurisdiction upon bill filed', to subject to the satisfaction of such judgment, or decree, or bond, anychosts in action belonging to the debtor,” &c.
Return- of’ ■nulla bona, by. a deputy shex-. iff, will authorize the filing of a bill to subject debtor’s chases 3a action.
The objections urged to the-bill, upon which, it is insisted, that the circuit court did. not err-in sustaining the demurrer, are first, that a return by a deputy, in such a case, is not sufficient, as rti-s evidence on-‘rpiMipeq siq uj Apiadoad ou peq aojqop oqi quq’j ‘i{ which is less, than the county: Secondly, that Rle exhibits referred to in the bill, were not filed with it. Neither of these objections is tenabi'e. It does not appear from the bill, or the return of the officer, that the-authority of t-he officer who made the return, was circumscribed by boundaries, less than the limits of the county. As to the exhibits, it does not appear at what time they were They have been copied into the record, and might have been exhibited-on the argument of the demarren They were matters of record in the same court in which the bill was depending-, and must be considered as constituting a part of it. If they were not filed, the defendants might have compelled their production by craving oyer of them.
Another objection, however, might be urged to the hill, which will be noticed, although we do not consider it as valid. it maybe insisted, that the return of the officer was insufficient, because i-t was made before the day named in the writ for its return; arid that although ittnav be tr-ue, that Banks had no property on the 7th of November, 1829, he may have had enough to have made the amount of the execution prior to'the day on which the officer was directed to return it, which must have been at least thirty days from its teste. The object of the-iaw, in requiring that there should be at least thirty, and not more than ninety days, between the teste and return day of an execution, was to secure the interest of the creditor, by allowing full' time to the officer to levy it;. *221 and vet preventing a long and unnecessary delay. But tiffs provision doe.s not prevent die officer iron) acting under the execution immediately. lie may make the money before the expiration of the thirty days, and return it,‘’ready to satisfy.” If he returns it sooner than by the command of the writ, it is his duty to return it, he might thereby subject himself fo.r such damages as may be sustained by the plaintiff therein. But a person not injured, lias no right to complain of it; and we cannot regard the return, in sucha case, as a nullity. Suppose a sheriff on the day after an execution issues, should receive it, and having made the amount on the next day, should immediately return.it. Could the plaintiff therein wait until one month after the return day had expired; and then on motion against the sh.eriflj subject him to the penalties prescribed by fhe statute, for a failure to return an execution within one month after the day on which it was made returnable? Surely such a construction of the act cannot be reasonably contended for.
Return of /jona (Táj's^iVter the test of the ex-eyution, con-jo!e”trJtus“,|’ to authorize filing of a aébto^'íAwwí in action.
1 J)ana, for plaintiffs; Denny, for defendants.
Unless, therefore, the return made on the exccution referred to in Ibis ease, can be considered as a nullity, the bill of the plaintiffs in error, exhibits a case coming within the letter of the 37th section of the act, and we think equally so, within its spirit, A different construction might, and doubtless would, in many cases, lead to the loss of the debt, and the consequent frustration of the only object intended to be secured by the provisions of the act, which is remedial, and should be liberally construed.
The decree of the circuit court was erroneous, and must be reversed with costs, and the cause remanded with directions to overrule the demurrer, and for such further proceedings to be had, as may not be inconsistent with this opinion.